UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| IBRAHIMA DIALLO and<br>CHELSEA SHEPARD,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>ALEC PAGORIA,<br><br>　　　　　　　Defendant. | Case No. 2:18-cv-04252-NKL |

**ORDER**

Defendant Alec Pagoria moves for a more definite statement and to strike the complaint by plaintiffs Ibrahima Diallo and Chelsea Shepard. The motion is denied for the reasons set forth below.

**I.　　BACKGROUND**

Plaintiffs allege that, in April 2018, a vehicle driven by Pagoria collided with the vehicle in which they were traveling, leaving Plaintiffs with painful, progressive, and permanent injuries. Doc. 1. Pagoria was allegedly arrested at the scene of the collision for driving while intoxicated. *Id.* Plaintiffs filed this case in state court, but Pagoria removed it to federal court on the basis of diversity jurisdiction and immediately filed the motion for a more definite statement.

**II.　　DISCUSSION**

Federal Rule of Civil Procedure 12(e) permits a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or

1

ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). However, motions for a more definite statement "are generally disfavored '[b]ecause of the liberal notice-pleading standard governing federal pleadings and the availability of extensive discovery . . . ." *Am. Cas. Co. of Reading, Pennsylvania v. Chang*, No. 14-00494-CV-W-BP, 2014 WL 12535303, at *2 (W.D. Mo. Nov. 26, 2014) (quoting *Ransom v. VFS, Inc.*, 918 F. Supp. 2d 888, 901 (D. Minn. 2013)). The Rule is intended to address "unintelligible pleadings," and "not . . . to correct a claimed lack of detail." *Ransom*, 918 F. Supp. 2d at 901 (quotation marks and citation omitted). "A motion for a more definite statement is not to be used as a substitute for discovery." *CRST Expedited, Inc. v. JB Hunt Transp., Inc.*, No. 17-CV-24 CJW, 2018 WL 2768874, at *3 (N.D. Iowa June 8, 2018).

Pagoria's sole argument as to why Plaintiffs should provide a more definite statement is that the two plaintiffs' allegations regarding injuries and damages "are combined and intermingled and Defendant cannot tell what injuries and damages are being claimed by each of the Plaintiffs." Doc. 3, p. 1. Pagoria insists that "Plaintiffs' allegations of injuries and damages should be contained in separate counts and Plaintiffs should describe their claimed injuries and damages in separate counts." *Id*. Pagoria cites no case law in support of his arguments.

Plaintiffs allege that they sustained "permanent" and "progressive" injuries, both physical and mental, as the result of the automobile collision that Pagoria allegedly caused. Doc. 1-1, ¶¶ 14, 17. While the pleading does not specify the nature of the injuries that Plaintiffs sustained, the allegations are sufficient to give notice that Plaintiffs each were seriously injured to the point of incurring medical expenses. *Id.*, ¶ 16. Pagoria cites no case law, and the Court is aware of none, that would require additional detail. *See Am. Cas. Co. of Reading*, 2014 WL 12535303, at *2 (noting the "liberal notice-pleading standard governing federal pleadings"); *Gehrke v. Pinnacle*

*Health Grp., LLC*, No. 13-4135-CV-C-FJG, 2013 WL 5890701, at *3 (W.D. Mo. Nov. 4, 2013) (noting that "neither the Federal Rules nor the case law require the level of specificity which defendant" sought). To the extent that Pagoria seeks additional details, he may do so through the discovery process. *See Harper v. Ascension Health All.*, No. 17CV02495 ERW, 2017 WL 6407776, at *2 (E.D. Mo. Dec. 15, 2017) (noting that a motion for a more definite statement "is not a substitute for discovery"). In short, the Court sees no reason to require a more definite statement from Plaintiffs.

### III. CONCLUSION

For the reasons discussed above, Pagoria's motion for a more definite statement is DENIED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: December 26, 2018
Jefferson City, Missouri